**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No.:

FREEDOM MORTGAGE CORPORATION,
a New Jersey corporation,

Plaintiff,

vs.

FREEDOM FAMILY MORTGAGE LLC,
a Nebraska limited liability company,

Defendant.
_______________________________________/

## COMPLAINT

Plaintiff, Freedom Mortgage Corporation ("FMC" or "Plaintiff"), by and through undersigned counsel, hereby files its Complaint against Freedom Family Mortgage, LLC ("FFM" or "Defendant"), and alleges as follows:

## JURISDICTION

1. This is an action for injunctive and other relief under the Federal Trademark Act, 15 U.S.C. §1051, et seq. ("Lanham Act"), particularly 15 U.S.C. §§1114 and 1125(a), for trademark infringement and related unfair competition. Plaintiff also asserts claims in accordance with common law rights in the State of Florida for trademark infringement, unfair competition, and other claims arising under state law.

2. This Court has original jurisdiction over the subject matter of this action because it arises under federal law, namely, the Trademark Act of 1946 (the Lanham Act), 28 U.S.C. § 1331 (federal question), and28 U.S.C. § 1338 (trademarks and unfair competition). This Court also has jurisdiction pursuant to 15 U.S.C. §1121 and the doctrine of supplemental jurisdiction, as set forth in 28 U.S.C. §1367.

3. Upon information and belief, personal jurisdiction is proper over Defendant because:

a. Defendant operates, conducts, engages in, or carries on a business or business venture in this State, and the Southern District of Florida within the meaning of Fla. Stat. §48.193(1)(a);

b. Defendant has committed tortious acts within this State, and the Southern District of Florida, including the infringement set forth herein within the meaning of Fla. Stat. §48.193(1)(a);

c. Defendant has caused injury to the property of Plaintiff within this State, and the Southern District of Florida, namely Plaintiff's trademarks as set forth herein, arising out of acts or omissions by Defendant while, at or about the time of the injury, the Defendant was engaged in solicitation or service activities within this State, and the Southern District of Florida within the meaning of Fla. Stat. §48.193(1)(f)(1); and/or

d. Defendant is engaged in substantial and not isolated activity within this State, and the Southern District of Florida within the meaning of Fla. Stat. §48.193(2).

## VENUE

4. Venue is proper under 28 U.S.C. §1391(b) in that, upon information and belief, a substantial part of the events or omissions giving rise to the claim occurred in the Southern District of Florida. Venue is also proper under 28 U.S.C. §1391(b) because, upon information and belief, a substantial part of property that is the subject of the action is situated in the Southern District of Florida. Furthermore, upon information and belief, Defendant markets and advertises its services in the Southern District of Florida and does business in the Southern District of Florida. Lastly, venue is proper under 28 U.S.C. §1391(b) in that Defendant is subject to the Court's personal

jurisdiction in the Southern District of Florida, for the reasons set forth above.

## THE PARTIES

5. Plaintiff is a corporation duly organized and existing under the laws of New Jersey, having an address of 951 Yamato Road, Suite 175, Boca Raton, Florida 33431.

6. Upon information and belief, Defendant is a limited liability company duly organized and existing under the laws of Nebraska, having an address of 18300 Martell Rd., Bennet, NE 68317.

## PLAINTIFF'S FREEDOM MORTGAGE MARKS AND INCONTESTABLE REGISTRATIONS

7. Plaintiff is a top mortgage lender specializing in mortgages to help consumers buy or refinance homes.

8. Plaintiff is the owner of a family of FREEDOM trademarks, including the well-known trademark FREEDOM MORTGAGE.

9. Plaintiff adopted and commenced use in commerce of the FREEDOM MORTGAGE mark at least as early as December 1992.

10. Plaintiff is the owner of the following valid and subsisting U.S. trademark registrations and applications:

a. U.S. Registration No. 4,631,944 for FREEDOM MORTGAGE for use in connection with "mortgage banking services, namely, origination, acquisition, servicing, securitization and brokerage of mortgage loans" in International Class 036 with a date of first use in commerce at least as early as December 28, 1992;

b. U.S. Registration No. 4,631,946 for FREEDOM MORTGAGE for use in

connection with “mortgage banking services, namely, origination, acquisition, servicing, securitization and brokerage of mortgage loans” in International Class 036 with a date of first use in commerce at least as early as November 1, 1996;

c. U.S. Registration No. 8,530,819 for FREEDOM MORTGAGE & Design FREEDOM MORTGAGE for use in connection with, in part, “mortgage banking services, namely, origination, acquisition, servicing, securitization and brokerage of mortgage loans” in International Class 36 with a date of first use in commerce at least as early as November 1, 1996; and

d. U.S. Registration No. for 7,795,914 for FREEDOM MORTGAGE EXCHANGE for use in connection with, in part, “Mortgage loans namely, the acquisition and disposition of mortgage loans, the acquisition and disposition of mortgage servicing rights” in International Class 36 with a date of first use in commerce at least as early as October 31, 2022.

*See* **Composite Exhibit A**.

11. Plaintiff’s U.S. Registration Nos. 4,631,944 and 4,631,946 (“Plaintiff’s Incontestable Registrations”) are incontestable in accordance with §§15 and 33(b) of the Lanham Act, 15 U.S.C. §§1065 and 1115(b).

12. Long prior to any date upon which Defendant can rely, Plaintiff adopted and used in commerce the FREEDOM MORTGAGE Marks for mortgage banking services, namely, origination, acquisition, servicing, securitization and brokerage of mortgage loans (“Plaintiff’s Services”).

13. Since its adoption of the FREEDOM MORTGAGE Marks, Plaintiff has

continuously used its FREEDOM MORTGAGE Marks in commerce for and in connection with Plaintiff's Services and has not abandoned the marks. Therefore, Plaintiff has priority of use in the FREEDOM MORTGAGE Marks.

14. Plaintiff has expended considerable time, money, and effort in promoting Plaintiff's Services under the FREEDOM MORTGAGE Marks. The strength of the FREEDOM MORTGAGE Marks has grown such that Plaintiff has established exceedingly valuable goodwill in the FREEDOM MORTGAGE Marks.

15. Since long prior to the acts of Defendant complained of herein, the FREEDOM MORTGAGE Marks have been readily recognizable by the public as associated exclusively with Plaintiff by virtue of long and continuous use and the FREEDOM MORTGAGE Marks have achieved a secondary meaning to the consuming public.

## **DEFENDANT'S INFRINGING ACTIVITY**

16. According to the Nationwide Multistate Licensing & Registry's database, Defendant is an approved licensed "mortgage broker" in the State of Florida, and is authorized to conduct business in Florida, as shown below:



nmlsconsumeraccess.org/EntityDetails.aspx/COMPANY/2409884

Verify it's you

Back to Search Results

Start New Search

FREEDOM FAMILY MORTGAGE LLC

NMLS ID: 2409884

Street Address: 18300 Martell Rd. Bennet, NE 68317

Mailing Address: 18300 Martell Rd. Bennet, NE 68317

Phone: 402-730-7626

Toll-Free Number: 888-357-0402

Fax: Not provided

Website: https://www.freedomfamilymortgage.com/

Email: Solo@freedomfamilymortgage.com

Other Trade Names ? : FREEDOM FAMILY MORTGAGE

Prior Other Trade Names ? : None

Prior Legal Names ? : None

Sponsored MLOs ? : 7

Fiscal Year End: 01/01 | Formed in: Nebraska, United States | Date Formed: ? 06/12/2022 | Stock Symbol: None | Business Structure: Limited Liability Company

Regulatory Actions ? : None posted in NMLS.

Branch Locations ? (1 Active, 0 Inactive) View All Branches

State Licenses/Registrations (Displaying 5 Active of 5 Total)

| Regulator ? | Lic/Reg Name | Authorized to Conduct Business ? | Consumer Complaint ? | [–] Hide All Details |
|---|---|---|---|---|
| Colorado | Mortgage Company Registration | Yes | Submit to Regulator | [+] View Details |
| Florida | Mortgage Broker License | Yes | Submit to Regulator | [–] Hide Details |

Lic/Reg #: MBR8260 | Original Issue Date ? : 11/07/2025

Status ? : Approved | Status Date: 11/07/2025 | Renewed Through ? : 2026

Other Trade Names used in Florida ? : None

[+] View License Status History ?

View Resident/Registered Agent(s) for Service of Process

17. Long subsequent to Plaintiff's adoption and use of the well-known FREEDOM MORTGAGE Marks in commerce, Defendant, upon information and belief, commenced selling, advertising and marketing financial services, including mortgage services directed to home purchasers and homeowners, specifically "home mortgage solutions," mortgage pre-approvals, first-time home buyer services, mortgage refinancing, mortgage renewals, and/or various mortgage loan products ("Defendant's Services").

18. Defendant also offers Defendant's Services through a related company, Freedom Financial. The screenshot shown below shows that Freedom Family Mortgage's website can be visited directly from Freedom Financial' s website:




19. Defendant's websites (URLS: https://www.freedomfamilymortgage.com/ and https://freedomfinancialplans.com ("Defendant's Websites")) clearly list Defendant's Services.






20. Defendant's Services are offered under the word marks "FREEDOM FAMILY MORTGAGE," "FREEDOM FINANCIAL," and/or "FREEDOM FINANCIAL PLANS," as well as associated logos, including and/or (the "Infringing Marks").

21. Defendant's unlawful use of the Infringing Marks has continued in interstate commerce in the United States, including in the Southern District of Florida, where the Defendant uses the Infringing Marks in connection with mortgage services that are sold to the consuming public and advertised on Defendant's Websites.

22. Defendant has utilized and continue to utilize the Infringing Marks in interstate commerce on and in connection with services without Plaintiff's permission, consent, or authorization.

23. The Infringing Marks wholly incorporate the wording of Plaintiff's well-known Incontestable Registrations and FREEDOM MORTGAGE Marks, and portions of Plaintiff's other FREEDOM MORTGAGE Marks.

24. Defendant's Services, including but not limited to, home mortgage services, are identical or highly related to Plaintiff's Services.

25. Defendant's depiction of the term "FREEDOM" with the term "MORTGAGE" used in connection with Defendant's Services may be likely to be confused as a secondary source indicator for Plaintiff and Plaintiff's Services.

26. Upon information and belief, Defendant's Services are sold to the same or similar consumers as Plaintiff's Services.

27. Defendant's advertising methods or channels are the same or highly similar to Plaintiff's advertising methods or channels because the parties use the same forums and media to advertise, namely websites and social media networking sites, including but not limited to, Facebook and Instagram.

28. Defendant's Infringing Marks are likely to cause confusion, mistake, or deception as to the source of origin, sponsorship, or approval of Defendant's Services.

29. Such confusion, mistake, and/or deception are likely to damage and injure the purchasing public and Plaintiff.

30. Defendant's use of the Infringing Marks is without the consent or approval of Plaintiff.

31. The acts of Defendant have been willful, by virtue of at least: (a) by using the FREEDOM MORTGAGE Marks in adopting and using the Infringing Marks; and (b) its refusal to cease-and-desist from the use of the Infringing Marks and other acts of infringement despite

notice receiving notice through Plaintiff's cease-and-desist letter.

32. The acts of Defendant complained of herein are in total disregard of Plaintiff's rights and were commenced, and it is believed will continue, in spite of Defendant's knowledge that its use of the Infringing Marks is in direct contravention of Plaintiff's rights.

33. Defendant intended to infringe on the FREEDOM MORTGAGE Marks, for at least the reason that Defendant wholly ignored Plaintiff's cease-and-desist demand.

34. Upon information and belief, Defendant has enjoyed and continues to enjoy financial gain and profit from the sale and marketing of the services that utilize the Infringing Marks. Such use is likely to cause confusion, to cause mistake, and to deceive customers and prospective customers as to the origin or sponsorship of the Defendant's services and to cause them to falsely believe that said services are the services of Plaintiff, or are sponsored, licensed, associated, authorized, or approved by Plaintiff, all to the detriment of Plaintiff, the trade, and the public.

35. Plaintiff has been damaged by Defendant's acts of infringement and unfair competition.

36. Plaintiff has no adequate remedy at law.

**COUNT I**
**FEDERAL TRADEMARK INFRINGEMENT, 15 U.S.C. §1114(1)**

37. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 36 as if fully set forth herein.

38. With full knowledge and awareness of Plaintiff's ownership and prior use of the FREEDOM MORTGAGE Marks and Plaintiff's Incontestable Registrations, Defendant has willfully used, is using, and will continue to use the Infringing Marks on identical or highly related

services for which Plaintiff's Incontestable Registrations are issued, in a manner that is likely to cause confusion, reverse confusion, or to cause mistake, or to deceive.

39. Defendant's acts constitute infringement, use of a confusingly similar mark, which is identical with, or substantially indistinguishable from, Plaintiff's Incontestable Registrations in violation of and pursuant to 15 U.S.C. §1114.

40. Defendant's acts have harmed Plaintiff's reputation, damaged Plaintiff's goodwill, and upon information and belief, have and will continue to divert sales from Plaintiff, and create the impression that Plaintiff is an infringer when in fact Defendant is the infringer. Defendant's aforesaid acts have caused and will cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will continue, and Plaintiff will continue to suffer great and irreparable injury.

41. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

**COUNT II**
**FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN, 15 U.S.C. §1125(a)**

42. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 36 as if fully set forth herein.

43. Defendant's intentional and unlawful use in commerce of the Infringing Marks constitutes use in commerce of a word, term, name, symbol, or device, or a combination thereof, or a false designation of origin, false or misleading description, and false representation that is likely to cause confusion, reverse confusion, or to cause mistake, or to deceive as to affiliation, connection, or association of Defendant with Plaintiff, or as to origin, sponsorship or approval of Defendant's Services or commercial activities by Plaintiff, or to cause reverse confusion thereof.

44. Defendant's aforesaid acts and use of the Infringing Marks constitutes unfair competition in violation of §43(a)(1)(A) of the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

45. Defendant's aforesaid acts have caused and will cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will continue, and Plaintiff will continue to suffer great and irreparable injury.

46. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

**COUNT III**
**TRADEMARK INFRINGEMENT UNDER FLORIDA COMMON LAW**

47. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 36, as if fully set forth herein.

48. Plaintiff owns and enjoys common law trademark rights in the marks "FREEDOM MORTGAGE" and in the State of Florida in conjunction with mortgage services, which rights are superior to any rights that Defendant may claim in and to said trademark.

49. Defendant has used, in connection with the sale of services, a term or name that is false and misleading and likely to cause confusion or cause mistake or deception as to the affiliation, connection or association of Defendant with Plaintiff as to the origin, sponsorship or approval of services or commercial activities in violation of common law.

50. Defendant's sale and offering of Defendant's Services bearing the Infringing Marks in the State of Florida is likely to cause and has caused confusion as to the source of its services in that purchasers thereof will be likely to associate or have associated such services as originating with Plaintiff, all to the detriment of the Plaintiff.

51. Defendant's acts have harmed Plaintiff's reputation, damaged Plaintiff's goodwill, and upon information and belief, have diverted sales from Plaintiff and create the impression that Plaintiff is an infringer when in fact Defendant is the infringer.

52. Defendant's aforesaid acts have caused and will continue to cause great and irreparable injury to Plaintiff, and unless said acts are restrained by this Court, they will continue, and Plaintiff will continue to suffer great and irreparable injury.

53. Defendant's aforesaid acts constitute trademark infringement, unfair competition, misappropriation, and misuse of the FREEDOM MORTGAGE Marks, palming-off, passing-off and/or reverse-passing off against Plaintiff, and unjust enrichment of Defendant, all in violation of Plaintiff's rights at common law and under the law of the State of Florida.

54. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

**COUNT IV**
**UNFAIR COMPETITION UNDER FLORIDA COMMON LAW**

55. Plaintiff incorporates herein each and every allegation set forth in Paragraphs 1 through 36, as if fully set forth herein.

56. Plaintiff first adopted and used the FREEDOM MORTGAGE Marks in Plaintiff's markets or trade areas, as a means of establishing goodwill and reputation and to identify particular services rendered or offered by the Plaintiff and to distinguish it from similar services rendered or offered by others.

57. Through its association with such services, the FREEDOM MORTGAGE Marks have, by actual usage, served to identify the Plaintiff as the source of the services.

58. Defendant has commenced the use of an identical or confusingly similar mark, to

identify services rendered by it in the same trade areas in which the Plaintiff has already established its trademarks.

59. As a consequence of Defendant's actions, customer confusion of source or as to the sponsorship of the services offered by the Defendant is likely.

60. Defendant's aforesaid acts constitute unfair competition in violation of Plaintiff's rights at common law and under the law of the State of Florida.

61. By reason of Defendant's actions alleged herein, Plaintiff has suffered damage to the goodwill associated with the FREEDOM MORTGAGE Marks and has suffered irreparable harm.

62. Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays that the Court grant the Prayer for Relief set forth below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court will enter judgment in its favor and against the Defendant as follows:

A. That this Court will adjudge that the FREEDOM MORTGAGE Marks and Plaintiff's Incontestable Registrations have been infringed, as a direct and proximate result of the willful acts of Defendant as set forth in this Complaint, including Defendant's use of the Infringing Marks, in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. §1051 et seq., Fla. Stat. §495.161, and the common law of the State of Florida.

B. That this Court will adjudge that Defendant has competed unfairly with Plaintiff in violation of Plaintiff's rights at common law and in violation of Plaintiff's rights under the Lanham Act, 15 U.S.C. §1125(a)(1)(A).

C. That Defendant, and all officers, directors, agents, servants, employees, attorneys,

successors, and assigns, and all persons in active concert or participation therewith, be permanently enjoined and restrained:

1) From using or licensing the FREEDOM MORTGAGE Marks, the Infringing Marks, any reproduction, infringement, copy or colorable imitation and any formative variations or phonetic equivalents thereof, or any term, name or mark which incorporates any of the foregoing, or any trademarks similar thereto or likely to be confused therewith, in connection with the distribution, marketing, advertising or sale of any unauthorized goods and services;

2) From using, applying to register or registering any logo, trade name, or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the unauthorized service of Defendant, or of any third parties, are sponsored by, authorized by, or in any way associated with Plaintiff and/or that the services of Plaintiff are inferior to, copies of, infringing of or imitations of the services of Defendant, or that Defendant's services are the first or original such services;

3) From applying to register, or registering the FREEDOM MORTGAGE Marks, the Infringing Marks, or any reproduction, infringement, copy or colorable imitation and any formative variations or phonetic equivalents thereof, or any term, name or mark which incorporates any of the foregoing, or any trademark similar thereto or likely to be confused therewith, in connection with the distribution, marketing, advertising or sale of any unauthorized goods and services;

4) From using, licensing, maintaining, registering, or renewing any confusingly similar domain names (including but not limited to any which incorporate, either in whole or in part, any of the FREEDOM MORTGAGE Marks), or any

reproduction, infringement, copy or colorable imitation and any formative variations or phonetic equivalents thereof, or any term, name or mark which incorporates any of the foregoing, or any trademark similar thereto or likely to be confused therewith, in connection with the distribution, marketing, advertising or sale of any unauthorized goods and services;

5) From infringing the FREEDOM MORTGAGE Marks and corresponding Registrations;

6) From doing any other act or thing likely to cause the public or the trade to believe that there is any connection between Defendant and Plaintiff, or their respective services;

7) From falsely representing itself or its affiliates as being connected with Plaintiff, or sponsored by or associated with Plaintiff, or engaging in any act which is likely to falsely cause the trade, retailers, and/or members of the purchasing public to believe that Defendant or its affiliates are associated with Plaintiff and/or that Plaintiff is associated with Defendant or infringing upon any mark of the Defendant; and

8) From affixing, applying, annexing, or using in connection with the sale of any goods or services sold by Defendant including, without limitation, the sale of mortgage banking services, a false description or representation including words or other symbols tending to falsely describe or represent such goods or services.

D. That Defendant be required to recall and deliver up for destruction all goods, services, labels, signs, prints, packages, wrappers, inventory, advertisements, internet advertising and other written or printed material in the possession or control of Defendant, or third party advertisers of Defendant's services which bear the Infringing Marks and corresponding

Registrations or any infringement thereof, including but not limited to the Infringing Marks, and any formative variations or phonetic equivalents thereof, or any term, name or mark which incorporates any of the foregoing, or any trademarks similar thereto or likely to be confused therewith, alone or in combination with any other word or element, and all plates, molds, matrices, and other means from making the aforesaid items.

E. That Defendant be required to recall and deliver up for destruction all goods, services, labels, signs, prints, packages, wrappers, inventory, advertisements, internet advertising and other written or printed material in the possession or control of Defendant, or third-party advertisers of Defendant's services which bear claims found by this Court to be false and/or misleading.

F. That Defendant be directed to file with this Court and to serve upon Plaintiff within thirty (30) days after service of the injunction issued in this action, a written report under oath, setting forth in detail the manner of compliance with paragraphs D and E, including all subparts.

H. That Plaintiff recover Defendant's profits and the damages of Plaintiff arising from Defendant's acts of trademark infringement and unfair competition, and that the Court, pursuant to §35 of the Lanham Act, 15 U.S.C. §1117, enter judgment, and that said sums be trebled as authorized pursuant to 15 U.S.C. §1117(b).

I. That Plaintiff recover such sums as are necessary to place or compensate for corrective advertising.

J. That Plaintiff have and recover nominal damages.

K. That Plaintiff have and recover, pursuant to the laws of the State of Florida, and common law, in addition to its actual damages and/or nominal damages, punitive damages in an amount which the Court deems just and proper.

L. That Plaintiff have and recover both pre-judgment and post-judgment interest on each and every damage award.

M. That Plaintiff be entitled to injunctive relief as set forth in §34 of the Lanham Act, and that Plaintiff have and recover the remedies set forth in §§ 35(a) and 36 of the Lanham Act, 15 USC §§1117(a) and 1118.

N. That the Court award an accounting of Defendant's profits from the sale of services sold under the Infringing Marks through trial or final adjudication.

O. That Plaintiff have and recover its reasonable attorney fees incurred in this action, pursuant to §35 of the Lanham Act, 15 U.S.C. §1117, Florida Statutes, and as otherwise authorized.

P. That Plaintiff have and recover its taxable costs and disbursements herein, pursuant to §35 of the Lanham Act, 15 U.S.C. §1117, and as otherwise authorized.

Q. That Plaintiff have and recover such further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury as to all issues triable of right by a jury.

Dated: November 16, 2026

Respectfully submitted,
/Cleo Suero/
Meredith Frank Mendez
Florida Bar No. 502,235
mmendez@malloylaw.com
Cleo I. Suero
Florida Bar No. 1,024,675
csuero@malloylaw.com
**MALLOY & MALLOY, P.L.**
6751 N. Federal Highway, Suite 300
Boca Raton, FL 33487
(561) 243 1000
*Attorneys for Plaintiff*

Save As... Print Reset

JS 44 (Rev. 04/21) FLSD Revised 12/02/2022

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**I. (a) PLAINTIFFS** FREEDOM MORTGAGE CORPORATION

**DEFENDANTS** FREEDOM FAMILY MORTGAGE LLC

**(b)** County of Residence of First Listed Plaintiff *(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant *(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Meredith Frank Mendez, Cleo Suero, Malloy & Malloy, P.L.
6751 N. Federal Highway, Suite 300 Boca Raton, FL 33487 (561) 243 1000

Attorneys *(If Known)*

**(d)** Check County Where Action Arose: ☐ MIAMI- DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**TORTS**

**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Med. Malpractice

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent – Abbreviated New Drug Application
[X] 840 Trademark
☐ 880 Defend Trade Secrets Act of 2016

**OTHER STATUTES**
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit (15 USC 1681 or 1692)
☐ 485 Telephone Consumer Protection Act (TCPA)
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

**LABOR**
☐ 710 Fair Labor Standards Acts
☐ 720 Labor/Mgmt. Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee – Conditions of Confinement

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

## V. ORIGIN *(Place an "X" in One Box Only)*

[X] 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Re-filed **(See VI below)** ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district *(specify)* ☐ 6 Multidistrict Litigation Transfer ☐ 7 Appeal to District Judge from Magistrate Judgment ☐ 8 Multidistrict Litigation – Direct File ☐ 9 Remanded from Appellate Court

## VI. RELATED/ RE-FILED CASE(S)

(See instructions): a) Re-filed Case ☐YES [X] NO b) Related Cases ☐YES ☐ NO

**JUDGE:** **DOCKET NUMBER:**

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause ***(Do not cite jurisdictional statutes unless diversity)***:

LENGTH OF TRIAL via 4 days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:** [X] Yes ☐ No

**ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE**

DATE November 16, 2026

SIGNATURE OF ATTORNEY OF RECORD /s/ Cleo Suero

**FOR OFFICE USE ONLY : RECEIPT #** **AMOUNT** IFP JUDGE MAG JUDGE

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| FREEDOM MORTGAGE CORPORATION,<br>*Plaintiff(s)*<br>v.<br>FREEDOM FAMILY MORTGAGE LLC,<br>*Defendant(s)* | ) | Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)* FREEDOM FAMILY MORTGAGE LLC
18300 MARTELL RD
BENNET, NE 68317

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Meredith Frank Mendez
Cleo Suero
MALLOY & MALLOY, P.L.
6751 N. Federal Highway, Suite 300
Boca Raton, FL 33487
(561) 243 1000

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: ____________________

____________________
*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* ____________________
was received by me on *(date)* ____________ .

❒ I personally served the summons on the individual at *(place)* ____________________
____________________ on *(date)* ____________ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* ____________
____________________ , a person of suitable age and discretion who resides there,
on *(date)* ____________ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* ____________________ , who is
designated by law to accept service of process on behalf of *(name of organization)* ____________
____________________ on *(date)* ____________ ; or

❒ I returned the summons unexecuted because ____________________ ; or

❒ Other *(specify)*:

My fees are $ ________ for travel and $ ________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

____________________
*Server's signature*

____________________
*Printed name and title*

____________________
*Server's address*

Additional information regarding attempted service, etc: